UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUPTI PATIL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. MICHAEL CLARK, et al.,<br><br>　　　　Defendants. | Case No.  5:16-cv-01238-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　　Plaintiff Trupti Patil initiated this action by filing a pleading concerning a family law matter apparently pending in state court and seeking the recusal of a state court judge.  Having reviewed the allegations, this court concludes that plaintiff fails to assert any facts establishing federal subject matter jurisdiction.[1]

　　　　Federal courts are of limited jurisdiction, and a lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

---

[1] All other pending matters, including plaintiff's request for permission to e-file (Dkt. 2) and John Winchester's motion to dismiss (Dkt. 13) are deemed moot.

1    Patil complains of adverse rulings made in connection with child custody proceedings and
2    claims that the state court judge was biased. She requests that all orders issued by that judge be
3    "rescinded and the case reheard with ALL the evidence presented to a different judge." (Dkt. 1 at
4    36). However, under the Rooker-Feldman[2] doctrine, federal courts lack jurisdiction to review the
5    final determinations of a state court in judicial proceedings. Noel v. Hall, 341 F.3d 1148, 1154
6    (9th Cir. 2003). Moreover, the domestic relations exception to federal subject matter jurisdiction
7    "divests the federal courts of power to issue divorce, alimony and child custody decrees."
8    Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L.Ed.2d 468 (1992).
9    Accordingly, the undersigned concludes that there is no federal subject matter jurisdiction and that
10   this case should be dismissed.

11   Because not all parties have consented to the undersigned's jurisdiction, this court
12   ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further
13   RECOMMENDS that the newly assigned judge dismiss this case for lack of federal subject matter
14   jurisdiction. Any party may serve and file objections to this Report and Recommendation within
15   fourteen days after being served. Fed. R. Civ. P. 72.

16   SO ORDERED.

17   Dated:  May 9, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

---

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

2

5:16-cv-01238-HRL Notice has been electronically mailed to:

Aimee Nicole Logan     aimee.logan@cco.sccgov.org, cathy.grijalva@cco.sccgov.org

5:16-cv-01238-HRL Notice sent by U.S. Mail to:

Trupti Patil
911 Visconti Place
Santa Clara, CA 95050-5260

Trupti Patil
c/o Bob Dhillon
2706 Peachwood Court
San Jose, CA 95132